# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SENTRY INSURANCE, ) | |
| A MUTUAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| TALLMAN COMPANY ) | |
| OF SEDALIA, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Serve:  Mr. Daniel C. Tallman ) | |
|            1400 N. Missouri Ave. ) | |
|            Sedalia, Missouri 65302 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Sentry Insurance, A Mutual Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Sentry Insurance, a Mutual Company ("Plaintiff") is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in Stevens Point, Wisconsin.

2. Defendant Tallman Company of Sedalia, Inc. ("Defendant") is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Missouri with its principal place of business located in Sedalia, Missouri.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorney's fees, and there exists complete diversity of citizenship.

4. Venue is proper in the Eastern District of Missouri under 28 U.S.C. §1391 because Defendant as a Missouri corporation is subject to this Court's personal jurisdiction with respect to this matter and the claims which form the basis for this matter.

### GENERAL ALLEGATIONS

5. Plaintiff brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

6. An actual justiciable controversy exists between Plaintiff and Defendant and litigation as to this controversy is imminent and inevitable.  Resolution of matters raised in this action will dispose of all issues between the parties under Plaintiff's insurance policy.

7. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under Plaintiff's insurance policy.

8. Plaintiff has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

### PLAINTIFF'S INSURANCE POLICY

9. Plaintiff issued a policy, Policy number 25-46647-05 (the "Policy"), to Defendant that was dated September 1, 2015 to September 1, 2016.  *See* Exhibit 1, a true and accurate copy of the Policy, attached hereto and incorporated herein.

**GROUNDS FOR DECLARATORY JUDGMENT**

10. Defendant claims that on or about April 26, 2016, while the Policy was allegedly in full force and effect, the premises located at 1400 North Missouri Avenue, Sedalia, Missouri 65302 (the "subject property"), and certain business personal property located therein, sustained damaged as a result of a storm. *See* Exhibit 2, a true and accurate copy of Defendant's Sworn Statements in Proof of Loss, attached hereto and incorporated herein.

11. On or about July 14, 2016, Defendant submitted two Sworn Statements in Proof of Loss to Plaintiff, thereby making a formal demand for payment under the Policy for $1,300,390.45 for damage to the subject property. Exhibit 2.

12. One or more of the following provisions, *inter alia*, of the Policy apply and bar or may bar coverage in this case:

BUSINESSOWNERS COVERAGE FORM

\*\*\*

SECTION I – PROPERTY

\*\*\*

    B.    Exclusions

        2.    We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

            i.    Collapse

                (1)    Collapse, including any of the following conditions of property or any part of the property:

                    (a)    An abrupt falling down or caving in;

    (b)  Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

    (c)  Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to Paragraph i.(1)(a) or i.(1)(b).

      \*\*\*

  k.  Neglect

    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

  l.  Other Types Of Loss

    (1)  Wear and tear;

    (2)  Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

      \*\*\*

    (4)  Settling, cracking, shrinking or expansion;

      \*\*\*

  p.  Continuous Or Repeated Seepage Or Leakage Of Water

    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

3.  We will not pay for loss or damage caused by or resulting from any of the following Paragraphs a. through c.  But if an excluded cause of loss that is listed in Paragraphs a. through c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      \*\*\*

  c.  Negligent Work

    Faulty, inadequate or defective:

4

  (1) Planning, zoning, development, surveying, siting;

  (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  (3) Materials used in repair, construction, renovation or remodeling; or

  (4) Maintenance;

of part or all of any property on or off the described premises.

***

E. Property Loss Conditions

***

3. Duties In The Event Of Loss Or Damage

 a. You must see that the following are done in the event of loss or damage to Covered Property:

  (1) Notify the police if a law may have been broken.

  (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

  (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

  (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section I – Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

  (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

5

      (6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

             Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

      (7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

      (8)    Cooperate with us in the investigation or settlement of the claim.

      (9)    Resume all or part of your "operations" as quickly as possible.

  b.    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

***

SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I – PROPERTY AND SECTION II – LIABILITY)

***

C.    Concealment, Misrepresentation Or Fraud

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:

1.    This policy;

2.    The Covered Property;

3.    Your interest in the Covered Property; or

4.    A claim under this policy.

D.       Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\*\*\*

## MISSOURI LIMITATIONS ON COVERAGE
## FOR ROOF SURFACING

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

\*\*\*

A.       The following provision applies to SECTION I – PROPERTY with respect to the building(s) identified in the Schedule as being subject to this Paragraph A.:

The following is added to Paragraph E.5.d.(3) of the LOSS PAYMENT Property Loss Condition:

      (f)       Roof surfacing.

B.       The following provision applies to SECTION – PROPERTY with respect to the building(s) identified in the schedule as being subject to this Paragraph B.:

We will not pay for cosmetic damage to roof surfacing caused by wind-storm or hail.  For the purpose of this endorsement, cosmetic damage means that the windstorm or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

\*\*\*

13.       Based on its investigation of the facts and circumstances surrounding the claimed loss, Plaintiff reasonably concluded that any damage presently claimed by Defendant to the subject property is not related to the April 2016 storm.  The entire roof was damaged in a 2006 storm and needed to be replaced at that time; however, no repairs were made to the roof to address those damages.  The damages claimed are attributable to wear and tear, rust, decay,

7

deterioration, settling, cracking, shrinking, expansion, collapse, continuous or repeated seepage or leakage of water over a period of 14 days, faulty, inadequate or defective workmanship, repair, renovation or maintenance and/or are limited to superficial damage, all of which are excluded under the Policy.

14. Based on its investigation of the facts and circumstances surrounding the loss, Plaintiff reasonably concluded that Defendant failed to comply with the Conditions of the Policy by intentionally concealing and/or misrepresenting material facts or by fraud concerning the Policy, the Covered Property or a claim under the Policy, including, but not limited to, the extent of damages allegedly attributable to the April 2016 storm, the amount of the claim presented and other related matters.  Specifically, Defendant presented a proof of loss seeking the policy limits of $1,300,390.45 based upon a repair bid of $2,400,000 and later repeatedly confirmed during the examination under oath that this was the amount of the claim, despite having actual knowledge of a bid establishing that the damages were less than $200,000.  Defendant further confirmed under oath that the entire roof was previously damaged due to a storm in 2006 and needed to be replaced, but that no repairs or replacement ever occurred.  Defendant had made a prior insurance claim to a different insurance company, received money for damages to the roof and did not use the money to repair or replace the roof.

15. Based on its investigation of the facts and circumstances surrounding the loss, Plaintiff reasonably concluded that Defendant failed to cooperate and comply with its duties after a loss as required under the Policy, including, but not limited to, failing to produce requested documents in support of the claim, failing to provide truthful testimony at the examination under oath and failing to cooperate with Plaintiff in the investigation of the claim.  Defendant's failures

to comply with its duties have prejudiced Plaintiff's rights under the Policy and, as such, Defendant is barred from recovery under the Policy and no coverage for the claimed loss exists.

16. Plaintiff has sustained damage as a result of Defendant's concealment, misrepresentation, fraud and/or breach of the Policy conditions in that Plaintiff has paid Defendant $66,418.42 during the course of the claim investigation. Plaintiff is entitled to recoup and/or recover the full amount of these payments from Defendant. Alternatively, Plaintiff is entitled to a recoupment, credit and/or set-off in the amount of said payments, together with interest on said sum, against any judgment in favor of Defendant.

17. Plaintiff has also sustained damage as a result of Defendant's concealment, misrepresentation, fraud and/or breach of the Policy conditions in that it has incurred substantial costs and expenses for claim response, investigation, adjusting and evaluating and attorneys' fees, which continue to accrue. Plaintiff is entitled to recoup and/or recover the amount of these costs and expenses from Defendant.

WHEREFORE, Plaintiff Sentry Insurance, A Mutual Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the Policy and enter a judgment construing the Policy including applicable coverage provisions, exclusions and conditions thereunder in favor of Plaintiff; (2) declare that Plaintiff is entitled to recover any payments already made under the Policy, plus interest, the amount of costs and expenses incurred in investigation, including adjustment and evaluation of the claim, and attorneys' fees; and (3) for any and all such further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax:  314-621-3903
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff Sentry Insurance,
A Mutual Company